1          IN THE UNITED STATES DISTRICT COURT

2             FOR THE DISTRICT OF HAWAII

3  GUILLERMO BONILLA, SANDRA    )    2:16-CV-01742 LEK
4  AMAYA BONILLA,               )
                                )
5          Plaintiffs,          )
                                )
6      vs.                      )
                                )
7  CALIFORNIA HIGHWAY PATROL AN )
8  AGENCY OF THE STATE OF       )
9  CALIFORNIA; OFFICER MCKENZIE )
10 AND SGT. PETERSON and DOES 1 )
11 TO 50,                       )
                                )
12         Defendants.          )
13 _____)

14      **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT**
15      **CALIFORNIA HIGHWAY PATROL'S MOTION TO DISMISS COMPLAINT**

16          Before the Court is Defendant California Highway

17  Patrol's ("Highway Patrol") Motion to Dismiss Complaint

18  ("Motion"), filed on August 1, 2016.  [Dkt. no. 7.]  Plaintiffs

19  Guillermo Bonilla and Sandra Amaya Bonilla ("Plaintiffs") filed

20  their memorandum in opposition on September 7, 2016, and the

21  Highway Patrol filed its reply on September 14, 2016.  [Dkt.

22  nos. 12, 17.]  The Court finds this matter suitable for

23  disposition without a hearing pursuant to L.R. 230(g) of the

24  Local Rules of the United States District Court for the Eastern

25  District of California ("Local Rules").  After careful

26  consideration of the Motion, supporting and opposing memoranda,

27  and the relevant legal authority, the Highway Patrol's Motion is

28  HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set

29  forth below.

1                          **<u>BACKGROUND</u>**

2              Plaintiffs, who were proceeding pro se at the time,

3     filed their Complaint in the Superior Court of California, County

4     of Sacramento, on November 24, 2015.  The Highway Patrol removed

5     the case pursuant to 28 U.S.C. §§ 1331 and 1441(a), based on

6     federal question jurisdiction.  [Notice of Removal of Action,

7     filed 7/25/16 (dkt. no. 1), at ¶ 4.]  The Complaint also names as

8     Defendants "Officer McKenzie and Sgt. Peterson."  [Notice of

9     Removal of Action, Exh. A (Complaint) at 1.]  Defendants McKenzie

10    and Peterson have not yet been served.

11             The Complaint alleges that, on August 27, 2014, on the

12    I-80 in Sacramento County, Highway Patrol agents seized

13    Plaintiffs' 2000 utility flatbed and 2005 Freightliner Truck

14    (collectively "the property").  After the seizure, the Highway

15    Patrol and its agents, Defendants McKenzie and Peterson (all

16    collectively "Defendants"), "were presented with evidence that

17    the property seized was, not for hire, and in the process of

18    being shipped for purposes of sale."  [Notice of Removal of

19    Action, Exh. A (Complaint) at 1 Cause of Action – General

20    Negligence.[1]]  Plaintiffs allege that, because Defendants were

21    presented with evidence that Plaintiffs "had taken all lawful

22    steps required for the release of the property," Defendants "were

_____

23          [1] The Complaint consists of several documents that are not
24    consecutively paginated.

1    under a mandatory, non-discretionary duty to release the property

2    to Plaintiffs but failed and refused to do so." [Id.]

3    Plaintiffs argue that the conditions of release that Defendants

4    imposed were "not necessary under law," and Defendants "knew or

5    should have known that the property was not for hire and was

6    being moved only for purposes of sale and not for reasons that

7    required repairs, registration or permits." [Id.]   The first

8    cause of action alleges that Defendants recklessly and

9    negligently refused to release Plaintiffs' property without a

10   legal basis ("Count I").   As a result of Defendants' breach of

11   duty, Plaintiffs allegedly suffered financial loss, "including

12   loss of the sale of the property, loss of use of the property and

13   unnecessary costs and expenses including but not limited to

14   storage fees in an amount of $250,000.00." [Id.]

15         Plaintiffs also allege: an intentional tort claim

16   because Defendants refused to release Plaintiffs' property even

17   though they knew that the property was pending sale to a third

18   party ("Count II"); [Complaint, 2 Cause of Action – Intentional

19   Tort;] violation of the mandatory duties under California Vehicle

20   Code §§ 22651 and 34660 ("Count III"); [id., 3rd Cause –

21   Mandatory Duty;] and a 42 U.S.C. § 1983 claim alleging

22   deprivation of property without due process, in violation of the

23   Fourteenth Amendment ("Count IV") [id., 4th Cause – 42 U.S.C.

24   Section 1983].

1          In the instant Motion, the Highway Patrol alleges:

2   Counts I and II fail based on California Government Code § 815

3   because there is no statutory basis for liability; Count III

4   fails because neither § 22651 nor § 34660 imposes a mandatory

5   duty; Counts I, II, and III also fail because the Highway Patrol

6   is immune from liability under California Government Code

7   § 820.2; and Count IV fails because the Highway Patrol is not a

8   "person" for purposes of a § 1983 claim.

9                          **DISCUSSION**

10  **I.    Counts I and II**

11         Counts I, II, and III allege state law claims that this

12  Court has supplemental jurisdiction over pursuant to 28 U.S.C.

13  § 1367.  See, e.g., Cozad v. Astrazeneca LP, Case No.

14  1:14-cv-02049-SKO, 2016 WL 4539944, at *3 (E.D. Cal. Aug. 30,

15  2016) ("When a district court . . . hears state law claims based

16  on supplemental jurisdiction, the court applies state substantive

17  law to the state law claims." (some citations omitted) (citing

18  Bass v. First Pac. Networks, Inc., 219 F.3d 1052, 1055 n.2 (9th

19  Cir. 2000))).  California Government Code § 815 states:

20         Except as otherwise provided by statute:

21         (a)  A public entity is not liable for an injury,
22         whether such injury arises out of an act or
23         omission of the public entity or a public employee
24         or any other person.

25         (b)  The liability of a public entity established
26         by this part (commencing with Section 814) is
27         subject to any immunity of the public entity

4

1        provided by statute, including this part, and is
2        subject to any defenses that would be available to
3        the public entity if it were a private person.

4   The California Supreme Court has stated that, under § 815,

5        direct tort liability of public entities must be
6        based on a **specific statute** declaring them to be
7        liable, or at least creating some specific duty of
8        care, and not on the general tort provisions of
9        Civil Code section 1714.  Otherwise, the general
10       rule of immunity for public entities would be
11       largely eroded by the routine application of
12       general tort principles.  (See, e.g., <u>Zelig [v.</u>
13       <u>Cty. of Los Angeles]</u>, 27 Cal. 4th [1112,]
14       1131–1132, 119 Cal. Rptr. 2d 709, 45 P.3d 1171
15       [(2002)]; <u>Hoff v. Vacaville Unified School Dist.</u>
16       (1998) 19 Cal. 4th 925, 932, 80 Cal. Rptr. 2d 811,
17       968 P.2d 522, and cases cited.)  As <u>Zelig</u>
18       observed, quoting from an earlier case, "'"the
19       intent of the [Tort Claims Act] is not to expand
20       the rights of plaintiffs in suits against
21       governmental entities, but to confine potential
22       governmental liability to rigidly delineated
23       circumstances . . . ."'"  (<u>Zelig</u>, *supra*, at
24       p. 1127, 119 Cal. Rptr. 2d 709, 45 P.3d 1171.)

25  <u>Eastburn v. Reg'l Fire Prot. Auth.</u>, 80 P.3d 656, 660 (Cal. 2003)

26  (some alterations in <u>Eastburn</u>) (emphasis added).  Further,

27       [t]o state a cause of action, every fact essential
28       to the existence of statutory liability must be
29       pleaded with particularity, including the
30       existence of a statutory duty.  <u>Susman v. Los</u>
31       <u>Angeles</u>, 269 Cal. App. 2d 803, 808, 75 Cal. Rptr.
32       240 (Cal. App. 2d Dist. 1969); <u>Lopez [v. S. Cal.</u>
33       <u>Rapid Transit Dist.]</u>, 40 Cal. 3d 780, 795, 221
34       Cal. Rptr. 840, 710 P.2d 907 [(1985)].  "The facts
35       showing the existence of the claimed duty must be
36       alleged."  Since the duty of a governmental agency
37       can only be created by statute, the statute
38       claimed to establish the duty must be identified.
39       <u>Searcy v. Hemet Unified Sch. Dist.</u>, 177 Cal. App.
40       3d 792, 802, 223 Cal. Rptr. 206 (Cal. App. 4th
41       Dist. 1986).

1 _D.K. ex rel. G.M. v. Solano Cty. Office of Educ._, 667 F. Supp. 2d

2 1184, 1198 (E.D. Cal. 2009).

3          Plaintiffs argue that liability as to Counts I and II

4 is based on California Government Code § 815.2, which states:

5          (a)  A public entity is liable for injury
6          proximately caused by an act or omission of an
7          employee of the public entity within the scope of
8          his employment if the act or omission would, apart
9          from this section, have given rise to a cause of
10         action against that employee or his personal
11         representative.

12         (b)  Except as otherwise provided by statute, a
13         public entity is not liable for an injury
14         resulting from an act or omission of an employee
15         of the public entity where the employee is immune
16         from liability.

17 Plaintiffs acknowledge that the Complaint does not cite § 815.2,

18 but they argue that this is not fatal to their claims.  However,

19 as stated _supra_, the statutory basis for liability must be

20 identified to state a cause of action.  Counts I and II therefore

21 fail to state plausible claims for relief.  See Ashcroft v.

22 Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss,

23 a complaint must contain sufficient factual matter, accepted as

24 true, to 'state a claim to relief that is plausible on its

25 face.'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570,

26 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))).  The Highway

27 Patrol's Motion is therefore GRANTED insofar as Plaintiffs'

28 claims against the Highway Patrol in Counts I and II are HEREBY

29 DISMISSED.

1    "Whether dismissal is with or without prejudice will

2    depend upon whether it is possible for Plaintiff to cure any

3    defects." <u>Rodriguez v. Brown</u>, 1:15-cv-01754-LJO-EPG-PC, 2016 WL

4    6494705, at *3 (E.D. Cal. Nov. 1, 2016) (citing <u>Vess v. Ciba-</u>

5    <u>Geigy Corp. USA</u>, 317 F.3d 1097, 1107-08 (9th Cir. 2003)

6    (collecting cases)), *report and recommendation adopted*, 2016 WL

7    7104173 (E.D. Cal. Dec. 6, 2016).  The Highway Patrol also argues

8    that Counts I and II fail because they do not allege the

9    requirements of California Government Code § 815.6, which states:

10                Where a public entity is under a mandatory duty
11                imposed by an enactment that is designed to
12                protect against the risk of a particular kind of
13                injury, the public entity is liable for an injury
14                of that kind proximately caused by its failure to
15                discharge the duty unless the public entity
16                establishes that it exercised reasonable diligence
17                to discharge the duty.

18   <u>See</u> Motion at 5 ("In California, a private cause of action lies

19   against a public entity only if the underlying enactment sets

20   forth the elements of liability identified in California

21   Government Code § 815.6." (citing <u>Haggis v. City of Los Angeles</u>,

22   22 Cal. 4th 490, 499-500 (2000))).  However, <u>Haggis</u> does not

23   stand for the proposition that all claims against a governmental

24   entity must meet the requirements of § 815.6.  <u>See Haggis</u>, 22

25   Cal. 4th at 495 (stating that the four causes of action brought

26   by the plaintiff were for breach of mandatory duties pursuant to

27   § 815.6).  Plaintiffs do not bring either Count I or Count II

28   pursuant to § 815.6.  This Court therefore CONCLUDES that § 815.6

1  does not apply.  Because it is possible for Plaintiffs to cure

2  the defects in their claims against the Highway Patrol in

3  Counts I and II, the dismissal is WITHOUT PREJUDICE.

4  **II.  <u>Count III</u>**

5         In contrast to Counts I and II, Count III expressly

6  alleges that Defendants violated California Vehicle Code §§ 22651

7  and 34660.  The instant Motion contends that Count III still

8  fails to state a claim upon which relief can be granted because

9  it does not plead a violation of a mandatory duty, as required by

10  § 815.6.

11         Section 22651 sets forth various circumstances when a

12  peace officer is permitted to remove a vehicle.  The Highway

13  Patrol argues that language regarding removal is permissive, not

14  mandatory, [Mem. in Supp. of Motion at 6,] but its argument

15  misconstrues Count III.  Plaintiffs do not allege that there was

16  a mandatory duty to **remove** their property; they allege that

17  Defendants had a mandatory duty to **release** their property after

18  they were presented with evidence that Plaintiffs "had taken all

19  lawful steps required for the release of the property," but

20  //

21  //

22  //

23  //

24  //

8

1  Defendants failed to do so.[2]  [Complaint, 3rd Cause – Mandatory

2  Duty.]   Section 22651 does includes certain circumstances when

3  the return of a removed vehicle is mandatory.  <u>See, e.g.</u>,

4  § 22651(i)(4) ("A vehicle shall be released to the legal owner,

5  as defined in Section 370, if the legal owner does all of the

6  following"), (o)(3) ("For the purposes of this subdivision, the

7  vehicle shall be released under either of the following

8  circumstances").

9        Similarly, § 34660(a) states that it is a misdemeanor

10 for "[a] motor carrier of property, after its motor carrier

11 permit has been suspended by the department, [to] continue[] to

12 operate as a motor carrier," and § 34660(d) allows the Highway

13 Patrol to impound a vehicle operated in violation of subsection

14 (a).  Subsection (d) also states that the vehicle "shall be

15 released to the registered owner or authorized agent" upon the

16 provision of the required driver's license and proof of

17 compliance with Division 14.8.5 of the Vehicle Code.  Thus, while

18        [2] The Highway Patrol's Motion includes additional
19 information about the circumstances surrounding the removal of
20 Plaintiffs' property.  However, this Court will not consider the
21 information because, as a general rule, this Court's scope of
22 review in considering a motion to dismiss is limited to the
23 allegations in the complaint.  <u>See Daniels-Hall v. Nat'l Educ.</u>
24 <u>Ass'n</u>, 629 F.3d 992, 998 (9th Cir. 2010).  Further, counsel's
25 statements in a motion are not evidence.  <u>Cf. Barcamerica Int'l</u>
26 <u>USA Trust v. Tyfield Importers, Inc.</u>, 289 F.3d 589, 593 n.4 (9th
27 Cir. 2002) ("[A]rguments and statements of counsel are not
28 evidence and do not create issues of material fact capable of
29 defeating an otherwise valid motion for summary judgment."
30 (citation and internal quotation omitted)).

1  the impounding of a vehicle under § 34660(d) is discretionary,

2  once impounded, the release of the impounded vehicle is mandatory

3  if the registered owner or authorized agent provides the required

4  documentation.

5       This Court therefore CONCLUDES that Count III alleges

6  violations of mandatory duties under § 22651 and § 34660.  In

7  light of this conclusion, this Court also rejects the Highway

8  Patrol's argument that it is immune from liability under

9  California Government Code § 820.2.  Section 820.2 states:

10 "Except as otherwise provided by statute, a public employee is

11 not liable for an injury resulting from his act or omission where

12 the act or omission was the result of the **exercise of the**

13 **discretion** vested in him, whether or not such discretion be

14 abused."  (Emphasis added.)

15      This Court therefore CONCLUDES that Count III states a

16 plausible claim for relief against the Highway Patrol and DENIES

17 the Highway Patrol's Motion as to Count III.

18 **III. <u>Section 1983</u>**

19      Plaintiffs bring Count IV pursuant to 42 U.S.C. § 1983,

20 which states, in pertinent part:

```
21          Every person who, under color of any statute,
22          ordinance, regulation, custom, or usage, of any
23          State or Territory or the District of Columbia,
24          subjects, or causes to be subjected, any citizen
25          of the United States or other person within the
26          jurisdiction thereof to the deprivation of any
27          rights, privileges, or immunities secured by the
```

10

1          Constitution and laws, shall be liable to the
2          party injured in an action at law, suit in equity,
3          or other proper proceeding for redress . . . .

4    A state agency is not a "person" for purposes of a § 1983 claim

5    for damages.  See Will v. Mich. Dep't of State Police, 491 U.S.

6    58, 71 (1989); Regents of the Univ. of Cal. v. Doe, 519 U.S. 425,

7    429 (1997).  The Highway Patrol is a state agency.  See Cal.

8    Gov't Code § 11000(a).  Plaintiffs agree that a § 1983 claim for

9    damages is not available against a public entity, but they

10   emphasize that a § 1983 claim is available against the individual

11   defendants.  [Mem. in Opp. at 7-8.]

12         In light of the foregoing, this Court CONCLUDES that

13   Count IV fails to state a plausible claim against the Highway

14   Patrol and that it is not possible to cure the defects in the

15   claim by amendment.  This Court therefore GRANTS the Motion

16   insofar as this Court DISMISSES Count IV WITH PREJUDICE.

17                          **<u>CONCLUSION</u>**

18         On the basis of the foregoing, the Highway Patrol's

19   Motion to Dismiss Complaint, filed August 1, 2016, is HEREBY

20   GRANTED IN PART AND DENIED IN PART.  The Motion is GRANTED

21   insofar as Plaintiffs' claims against the Highway Patrol in

22   Counts I and II are HEREBY DISMISSED, and their claim against the

23   Highway Patrol in Count IV is HEREBY DISMISSED WITH PREJUDICE.

24   The Motion is DENIED insofar as the dismissal of Plaintiffs'

25   claims against the Highway Patrol in Counts I and II are WITHOUT

1  PREJUDICE, and the Motion is DENIED as to Plaintiffs' claim

2  against the Highway Patrol in Count III.[3]

3          This Court GRANTS Plaintiffs leave to file an amended

4  complaint to address the defects in their claims against the

5  Highway Patrol in Counts I and II.  Plaintiffs do no have leave

6  to make any other amendments to the Complaint.  Plaintiffs shall

7  file their amended complaint by **February 17, 2017.**  If Plaintiffs

8  fail to do so, or if the amended complaint fails to cure the

9  defects in Counts I and II that this Court has identified in this

10 Order, the claims that this Court has dismissed without prejudice

11 will be dismissed with prejudice.

12          IT IS SO ORDERED.

13          DATED AT HONOLULU, HAWAII, January 6, 2017.
14



                              /s/ Leslie E. Kobayashi
                              Leslie E. Kobayashi
                              United States District Judge




15 **GUILLERMO BONILLA, ET AL. VS. CALIFORNIA HIGHWAY PATROL AN AGENCY**
16 **OF THE STATE OF CALIFORNIA, ET AL; 2:16-CV-01742 LEK; ORDER**
17 **GRANTING IN PART AND DENYING IN PART DEFENDANT CALIFORNIA HIGHWAY**
18 **PATROL'S MOTION TO DISMISS COMPLAINT**

_____

19          [3] This Court makes no findings or conclusions regarding
20 Plaintiffs' claims against the other defendants.