```
              IN THE UNITED STATES DISTRICT COURT

                  EASTERN DISTRICT OF CALIFORNIA

GUILLERMO BONILLA, SANDRA     )    2:16-CV-01742L LEK
AMAYA BONILLA,                )
                              )
          Plaintiffs,         )
                              )
     vs.                      )
                              )
CALIFORNIA HIGHWAY PATROL AN  )
AGENCY OF THE STATE OF        )
CALIFORNIA; OFFICER MCKENZIE  )
AND SGT. PETERSON and DOES 1  )
TO 50,                        )
                              )
          Defendants.         )
_____ )
```

**AMENDED ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CALIFORNIA HIGHWAY PATROL'S MOTION TO DISMISS COMPLAINT**

Before the Court is Defendant California Highway Patrol's ("Highway Patrol") Motion to Dismiss Complaint ("Motion"), filed on August 1, 2016.  [Dkt. no. 7.]  Plaintiffs Guillermo Bonilla and Sandra Amaya Bonilla ("Plaintiffs") filed their memorandum in opposition on September 7, 2016, and the Highway Patrol filed its reply on September 14, 2016.  [Dkt. nos. 12, 17.]  The Court finds this matter suitable for disposition without a hearing pursuant to L.R. 230(g) of the Local Rules of the United States District Court for the Eastern District of California ("Local Rules").  After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, the Highway Patrol's Motion is HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

**BACKGROUND**

Plaintiffs, who were proceeding pro se at the time, filed their Complaint in the Superior Court of California, County of Sacramento, on November 24, 2015. The Highway Patrol removed the case pursuant to 28 U.S.C. §§ 1331 and 1441(a), based on federal question jurisdiction. [Notice of Removal of Action, filed 7/25/16 (dkt. no. 1), at ¶ 4.] The Complaint also names as Defendants "Officer McKenzie and Sgt. Peterson." [Notice of Removal of Action, Exh. A (Complaint) at 1.] Defendants McKenzie and Peterson have not yet been served.

The Complaint alleges that, on August 27, 2014, on the I-80 in Sacramento County, Highway Patrol agents seized Plaintiffs' 2000 utility flatbed and 2005 Freightliner Truck (collectively "the property"). After the seizure, the Highway Patrol and its agents, Defendants McKenzie and Peterson (all collectively "Defendants"), "were presented with evidence that the property seized was, not for hire, and in the process of being shipped for purposes of sale." [Notice of Removal of Action, Exh. A (Complaint) at 1 Cause of Action – General Negligence.[1]] Plaintiffs allege that, because Defendants were presented with evidence that Plaintiffs "had taken all lawful steps required for the release of the property," Defendants "were

---

[1] The Complaint consists of several documents that are not consecutively paginated.

1    under a mandatory, non-discretionary duty to release the property
2    to Plaintiffs but failed and refused to do so."  [Id.]
3    Plaintiffs argue that the conditions of release that Defendants
4    imposed were "not necessary under law," and Defendants "knew or
5    should have known that the property was not for hire and was
6    being moved only for purposes of sale and not for reasons that
7    required repairs, registration or permits."  [Id.]  The first
8    cause of action alleges that Defendants recklessly and
9    negligently refused to release Plaintiffs' property without a
10   legal basis ("Count I").  As a result of Defendants' breach of
11   duty, Plaintiffs allegedly suffered financial loss, "including
12   loss of the sale of the property, loss of use of the property and
13   unnecessary costs and expenses including but not limited to
14   storage fees in an amount of $250,000.00."  [Id.]
15         Plaintiffs also allege: an intentional tort claim
16   because Defendants refused to release Plaintiffs' property even
17   though they knew that the property was pending sale to a third
18   party ("Count II"); [Complaint, 2 Cause of Action – Intentional
19   Tort;] violation of the mandatory duties under California Vehicle
20   Code §§ 22651 and 34660 ("Count III"); [id., 3rd Cause –
21   Mandatory Duty;] and a 42 U.S.C. § 1983 claim alleging
22   deprivation of property without due process, in violation of the
23   Fourteenth Amendment ("Count IV") [id., 4th Cause – 42 U.S.C.
24   Section 1983].

In the instant Motion, the Highway Patrol alleges: Counts I and II fail based on California Government Code § 815 because there is no statutory basis for liability; Count III fails because neither § 22651 nor § 34660 imposes a mandatory duty; Counts I, II, and III also fail because the Highway Patrol is immune from liability under California Government Code § 820.2; and Count IV fails because the Highway Patrol is not a "person" for purposes of a § 1983 claim.

**DISCUSSION**

**I.   Counts I and II**

Counts I, II, and III allege state law claims that this Court has supplemental jurisdiction over pursuant to 28 U.S.C. § 1367.  See, e.g., Cozad v. Astrazeneca LP, Case No. 1:14-cv-02049-SKO, 2016 WL 4539944, at *3 (E.D. Cal. Aug. 30, 2016) ("When a district court . . . hears state law claims based on supplemental jurisdiction, the court applies state substantive law to the state law claims." (some citations omitted) (citing Bass v. First Pac. Networks, Inc., 219 F.3d 1052, 1055 n.2 (9th Cir. 2000))).  California Government Code § 815 states:

> Except as otherwise provided by statute:
>
> (a)  A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person.
>
> (b)  The liability of a public entity established by this part (commencing with Section 814) is subject to any immunity of the public entity

4

```
 1              provided by statute, including this part, and is
 2              subject to any defenses that would be available to
 3              the public entity if it were a private person.

 4   The California Supreme Court has stated that, under § 815,

 5              direct tort liability of public entities must be
 6              based on a specific statute declaring them to be
 7              liable, or at least creating some specific duty of
 8              care, and not on the general tort provisions of
 9              Civil Code section 1714.  Otherwise, the general
10              rule of immunity for public entities would be
11              largely eroded by the routine application of
12              general tort principles.  (See, e.g., Zelig [v.
13              Cty. of Los Angeles], 27 Cal. 4th [1112,]
14              1131–1132, 119 Cal. Rptr. 2d 709, 45 P.3d 1171
15              [(2002)]; Hoff v. Vacaville Unified School Dist.
16              (1998) 19 Cal. 4th 925, 932, 80 Cal. Rptr. 2d 811,
17              968 P.2d 522, and cases cited.)  As Zelig
18              observed, quoting from an earlier case, "'"the
19              intent of the [Tort Claims Act] is not to expand
20              the rights of plaintiffs in suits against
21              governmental entities, but to confine potential
22              governmental liability to rigidly delineated
23              circumstances . . . ."'"  (Zelig, supra, at
24              p. 1127, 119 Cal. Rptr. 2d 709, 45 P.3d 1171.)

25   Eastburn v. Reg'l Fire Prot. Auth., 80 P.3d 656, 660 (Cal. 2003)

26   (some alterations in Eastburn) (emphasis added).  Further,

27              [t]o state a cause of action, every fact essential
28              to the existence of statutory liability must be
29              pleaded with particularity, including the
30              existence of a statutory duty.  Susman v. Los
31              Angeles, 269 Cal. App. 2d 803, 808, 75 Cal. Rptr.
32              240 (Cal. App. 2d Dist. 1969); Lopez [v. S. Cal.
33              Rapid Transit Dist.], 40 Cal. 3d 780, 795, 221
34              Cal. Rptr. 840, 710 P.2d 907 [(1985)].  "The facts
35              showing the existence of the claimed duty must be
36              alleged."  Since the duty of a governmental agency
37              can only be created by statute, the statute
38              claimed to establish the duty must be identified.
39              Searcy v. Hemet Unified Sch. Dist., 177 Cal. App.
40              3d 792, 802, 223 Cal. Rptr. 206 (Cal. App. 4th
41              Dist. 1986).
```

D.K. ex rel. G.M. v. Solano Cty. Office of Educ., 667 F. Supp. 2d 1184, 1198 (E.D. Cal. 2009).

Plaintiffs argue that liability as to Counts I and II is based on California Government Code § 815.2, which states:

> (a) A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.
>
> (b) Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

Plaintiffs acknowledge that the Complaint does not cite § 815.2, but they argue that this is not fatal to their claims. However, as stated *supra*, the statutory basis for liability must be identified to state a cause of action. Counts I and II therefore fail to state plausible claims for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))). The Highway Patrol's Motion is therefore GRANTED insofar as Plaintiffs' claims against the Highway Patrol in Counts I and II are HEREBY DISMISSED.

1    "Whether dismissal is with or without prejudice will
2    depend upon whether it is possible for Plaintiff to cure any
3    defects." Rodriguez v. Brown, 1:15-cv-01754-LJO-EPG-PC, 2016 WL
4    6494705, at *3 (E.D. Cal. Nov. 1, 2016) (citing Vess v. Ciba-
5    Geigy Corp. USA, 317 F.3d 1097, 1107–08 (9th Cir. 2003)
6    (collecting cases)), *report and recommendation adopted*, 2016 WL
7    7104173 (E.D. Cal. Dec. 6, 2016).  The Highway Patrol also argues
8    that Counts I and II fail because they do not allege the
9    requirements of California Government Code § 815.6, which states:

10              Where a public entity is under a mandatory duty
11              imposed by an enactment that is designed to
12              protect against the risk of a particular kind of
13              injury, the public entity is liable for an injury
14              of that kind proximately caused by its failure to
15              discharge the duty unless the public entity
16              establishes that it exercised reasonable diligence
17              to discharge the duty.

18   See Motion at 5 ("In California, a private cause of action lies
19   against a public entity only if the underlying enactment sets
20   forth the elements of liability identified in California
21   Government Code § 815.6." (citing Haggis v. City of Los Angeles,
22   22 Cal. 4th 490, 499-500 (2000))).  However, Haggis does not
23   stand for the proposition that all claims against a governmental
24   entity must meet the requirements of § 815.6.  See Haggis, 22
25   Cal. 4th at 495 (stating that the four causes of action brought
26   by the plaintiff were for breach of mandatory duties pursuant to
27   § 815.6).  Plaintiffs do not bring either Count I or Count II
28   pursuant to § 815.6.  This Court therefore CONCLUDES that § 815.6

7

does not apply.  Because it is possible for Plaintiffs to cure the defects in their claims against the Highway Patrol in Counts I and II, the dismissal is WITHOUT PREJUDICE.

**II.  Count III**

In contrast to Counts I and II, Count III expressly alleges that Defendants violated California Vehicle Code §§ 22651 and 34660.  The instant Motion contends that Count III still fails to state a claim upon which relief can be granted because it does not plead a violation of a mandatory duty, as required by § 815.6.

Section 22651 sets forth various circumstances when a peace officer is permitted to remove a vehicle.  The Highway Patrol argues that language regarding removal is permissive, not mandatory, [Mem. in Supp. of Motion at 6,] but its argument misconstrues Count III.  Plaintiffs do not allege that there was a mandatory duty to **remove** their property; they allege that Defendants had a mandatory duty to **release** their property after they were presented with evidence that Plaintiffs "had taken all lawful steps required for the release of the property," but

//
//
//
//
//

...

Defendants failed to do so.[2] [Complaint, 3rd Cause – Mandatory Duty.] Section 22651 does includes certain circumstances when the return of a removed vehicle is mandatory. See, e.g., § 22651(i)(4) ("A vehicle shall be released to the legal owner, as defined in Section 370, if the legal owner does all of the following"), (o)(3) ("For the purposes of this subdivision, the vehicle shall be released under either of the following circumstances").

Similarly, § 34660(a) states that it is a misdemeanor for "[a] motor carrier of property, after its motor carrier permit has been suspended by the department, [to] continue[] to operate as a motor carrier," and § 34660(d) allows the Highway Patrol to impound a vehicle operated in violation of subsection (a). Subsection (d) also states that the vehicle "shall be released to the registered owner or authorized agent" upon the provision of the required driver's license and proof of compliance with Division 14.8.5 of the Vehicle Code. Thus, while

---

[2] The Highway Patrol's Motion includes additional information about the circumstances surrounding the removal of Plaintiffs' property. However, this Court will not consider the information because, as a general rule, this Court's scope of review in considering a motion to dismiss is limited to the allegations in the complaint. See Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). Further, counsel's statements in a motion are not evidence. Cf. Barcamerica Int'l USA Trust v. Tyfield Importers, Inc., 289 F.3d 589, 593 n.4 (9th Cir. 2002) ("[A]rguments and statements of counsel are not evidence and do not create issues of material fact capable of defeating an otherwise valid motion for summary judgment." (citation and internal quotation omitted)).

the impounding of a vehicle under § 34660(d) is discretionary, once impounded, the release of the impounded vehicle is mandatory if the registered owner or authorized agent provides the required documentation.

This Court therefore CONCLUDES that Count III alleges violations of mandatory duties under § 22651 and § 34660.  In light of this conclusion, this Court also rejects the Highway Patrol's argument that it is immune from liability under California Government Code § 820.2.  Section 820.2 states: "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the **exercise of the discretion** vested in him, whether or not such discretion be abused."  (Emphasis added.)

This Court therefore CONCLUDES that Count III states a plausible claim for relief against the Highway Patrol and DENIES the Highway Patrol's Motion as to Count III.

**III. Section 1983**

Plaintiffs bring Count IV pursuant to 42 U.S.C. § 1983, which states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the

```
                party injured in an action at law, suit in equity,
                or other proper proceeding for redress . . . .
```

A state agency is not a "person" for purposes of a § 1983 claim for damages.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997).  The Highway Patrol is a state agency.  See Cal. Gov't Code § 11000(a).  Plaintiffs agree that a § 1983 claim for damages is not available against a public entity, but they emphasize that a § 1983 claim is available against the individual defendants.  [Mem. in Opp. at 7-8.]

In light of the foregoing, this Court CONCLUDES that Count IV fails to state a plausible claim against the Highway Patrol and that it is not possible to cure the defects in the claim by amendment.  This Court therefore GRANTS the Motion insofar as this Court DISMISSES Count IV WITH PREJUDICE.

## **CONCLUSION**

On the basis of the foregoing, the Highway Patrol's Motion to Dismiss Complaint, filed August 1, 2016, is HEREBY GRANTED IN PART AND DENIED IN PART.  The Motion is GRANTED insofar as Plaintiffs' claims against the Highway Patrol in Counts I and II are HEREBY DISMISSED, and their claim against the Highway Patrol in Count IV is HEREBY DISMISSED WITH PREJUDICE. The Motion is DENIED insofar as the dismissal of Plaintiffs' claims against the Highway Patrol in Counts I and II are WITHOUT

PREJUDICE, and the Motion is DENIED as to Plaintiffs' claim against the Highway Patrol in Count III.[3]

This Court GRANTS Plaintiffs leave to file an amended complaint to address the defects in their claims against the Highway Patrol in Counts I and II.  Plaintiffs do no have leave to make any other amendments to the Complaint.  Plaintiffs shall file their amended complaint by **February 17, 2017.**  If Plaintiffs fail to do so, or if the amended complaint fails to cure the defects in Counts I and II that this Court has identified in this Order, the claims that this Court has dismissed without prejudice will be dismissed with prejudice.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 17, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**GUILLERMO BONILLA, ET AL. VS. CALIFORNIA HIGHWAY PATROL AN AGENCY OF THE STATE OF CALIFORNIA, ET AL; 2:16-CV-01742 LEK; AMENDED ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CALIFORNIA HIGHWAY PATROL'S MOTION TO DISMISS COMPLAINT**

---

[3] This Court makes no findings or conclusions regarding Plaintiffs' claims against the other defendants.