```
                 IN THE UNTED STATES DISTRICT COURT

              FOR THE EASTERN DISTRICT OF CALIFORNIA

GUILLERMO BONILLA, SANDRA      )    2:16-cv-01742 LEK
AMAYA BONILLA,                 )
                               )
            Plaintiffs,        )
                               )
      vs.                      )
                               )
CALIFORNIA HIGHWAY PATROL AN   )
AGENEY OF THE STATE OF         )
CALIFORNIA; OFFER MCKENZIE     )
AND SGT. PETERSON and DOES 1   )
TO 50,                         )
                               )
            Defendants.        )
_____)
```

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**
<u>**DEFENDANT PETERSON FOR FAILURE TO SERVE**</u>

Before the Court is Defendant California Highway Patrol ("Highway Patrol") and Muriel McKenzie's ("McKenzie" and collectively "Defendants") Motion to Dismiss for Failure to Serve ("Motion"), filed on January 29, 2019.  [Dkt. no. 75.] Plaintiffs Guillermo Bonilla and Sandra Amaya Bonilla ("Plaintiffs") filed their memorandum in opposition on February 20, 2019, and Defendants filed their reply on March 5, 2019.  [Dkt. nos. 79, 89.]  The Court finds this matter suitable for disposition without a hearing pursuant to L.R. 230(g) of the Local Rules of the United States District Court for the Eastern District of California ("Local Rules").  For the reasons set forth below, Defendants' Motion is hereby granted, subject to

the Highway Patrol's filing of the supporting documentation described in this Order.

## BACKGROUND

Plaintiffs, who were proceeding pro se at the time, initiated this action in state court on November 24, 2015, and the Highway Patrol removed the case on July 25, 2016, based on federal question jurisdiction. [Notice of Removal of Action; Under 28 U.S.C. § 1441(a) (Federal Question) ("Notice of Removal"), filed 7/25/16 (dkt. no. 1), Exh. A (Complaint – Personal Injury, Property Damage, Wrongful Death ("Complaint")); Notice of Removal at ¶¶ 4-5.] McKenzie and Highway Patrol Sergeant Peterson ("Peterson") were named as defendants in the Complaint, but they had not been served at the time of removal. [Complaint at pg. 1; Notice of Removal at ¶ 3.] After this Court ruled on the Highway Patrol's motion to dismiss the original Complaint, Plaintiffs filed their First Amended Complaint ("Amended Complaint") on March 16, 2017. [Dkt. nos. 7 (motion to dismiss), 23 (amended order ruling on the motion to dismiss), 29 (Amended Complaint).] The Amended Complaint named the Highway Patrol, McKenzie, and Peterson as defendants. [Amended Complaint at ¶¶ 5-7.]

**I.   Service Issues**

After the filing of the Amended Complaint, Plaintiffs and the Highway Patrol reported that McKenzie and Peterson

> had both retired from the [Highway Patrol] at the time the original Complaint was attempted to be served on them at the [Highway Patrol]. Because they had retired, the [Highway Patrol] would not accept service of the Summons and Complaint on their behalf. Plaintiff's undersigned counsel was then informed by the [Highway Patrol] that the [Highway Patrol] would not provide the addresses of defendants Officer McKenzie and Sgt. Peterson, and Plaintiff's undersigned counsel has been unsuccessful in locating these two defendants for service.
>
> . . . .
>
> Defendant California Highway Patrol was served and has appeared. Officer McKenzie and Sgt. Peterson have not been served. Plaintiff's counsel is in the process of propounding discovery requests to Defendant California Highway Patrol to obtain the addresses of Officer McKenzie and Sgt. Peterson so that the Summons and the First Amended Complaint can be served on them.

[Joint Status Report, filed 4/3/17 (dkt. no. 30), at ¶¶ 1-2.] Plaintiffs and the Highway Patrol submitted letter briefs that addressed their dispute about the provision of McKenzie's and Peterson's addresses. [Dkt. no. 37 (letter briefs by Plaintiffs' counsel, dated 6/2/17 and 6/3/17, and counsel's supplemental letter brief dated 6/12/17); dkt. no. 38 (letter brief by the Highway Patrol's counsel, dated 5/30/17).] At a subsequent discovery conference, this Court ordered the Highway Patrol to provide McKenzie's and Peterson's addresses to Plaintiffs' counsel by June 21, 2017. [Minutes, filed 6/14/17 (dkt. no. 36).] McKenzie was served on August 4, 2017. [Return

1  of Service, filed 9/1/17 (dkt. no. 39.]  Peterson has never been
2  served.
3  **II.  Representation Issues**
4        As previously stated, Plaintiffs initiated this action
5  pro se.  Cyrus Zal, Esq., became Plaintiffs' counsel of record
6  as of September 1, 2016.  [Substitution of Attorney by
7  Plaintiffs and Order, filed 9/1/16 (dkt. no. 11).]  On
8  September 28, 2017, Mr. Zal filed a motion to withdraw as
9  Plaintiffs' counsel, and the motion was granted in an
10 October 17, 2017 minute order.  [Dkt. nos. 44, 48.]
11       On June 11, 2018, Mr. Zal again became Plaintiffs'
12 counsel of record.  [Consent Order Granting Substitution of
13 Attorney, filed 6/11/18 (dkt. no. 57) (as to Guillermo Bonilla);
14 Consent Order Granting Substitution of Attorney, filed 6/11/18
15 (dkt. no. 58) (as to Sandra Bonilla).]  Mr. Zal has represented
16 Plaintiffs since that time.
17 **III. The Motion**
18       In the instant Motion, Defendants seek dismissal of
19 Plaintiffs' claims against Peterson because they failed to
20 complete service upon him within ninety days after the filing of
21 the Amended Complaint.  Plaintiffs oppose the Motion on the
22 grounds that: 1) the Highway Patrol failed to comply with this
23 Court's order at the June 14, 2017 discovery conference; and
24 2) the unusual circumstances created by Plaintiffs'

representation history excuse their failure to complete service on Peterson in a timely manner.

## DISCUSSION

Fed. R. Civ. P. 4(m) states, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

This district court has stated:

> Rule 4(m) requires a "two-step analysis" for determining relief. In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001). First, the district court "must extend the time period" for service upon a showing of good cause. Id. When determining whether the good cause requirement has been satisfied, the court must consider whether: "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991) (citing Hart v. United States, 817 F.2d 78, 80-81 (9th Cir. 1987)).
>
> Second, if good cause is not established, "the court has the discretion to dismiss without prejudice or to extend the time period." Sheehan, 253 F.3d at 512. On its face, "Rule 4(m) does not tie the hands of the district court after the 120-day period has expired." Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007) (citation omitted).[1]  Rather, "Rule 4(m)

---

[1] The version of Rule 4(m) that was in effect at the time of the Ninth Circuit's decision in Efaw required service to be made within 120 days after the complaint was filed. See Efaw, 473 F.3d at 1040.

        explicitly permits a district court to grant an extension of time to serve the complaint after the 120-day period." Id. In making this decision, courts may consider factors such as "a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." Id. (citation omitted).

Rodriguez v. Cnty. of San Joaquin, No. 2:16-cv-00770-TLN-JDP, 2021 WL 1214569, at *3 (E.D. Cal. Mar. 31, 2021). In Boudette, the Ninth Circuit also stated that, "[a]t a minimum, 'good cause' means excusable neglect[,]" and the Ninth Circuit stated the factors of actual notice, prejudice to the defendant, and severe prejudice to the plaintiff are considered in addition to the issue of excusable neglect. 923 F.2d at 756.

        Plaintiffs did not dispute that, during the time that they have been attempting to serve Peterson, he was no longer employed with the Highway Patrol. See Joint Status Report at ¶ 1. Defendants represent that their counsel provided Plaintiffs' counsel with Peterson's address on June 20, 2017. [Mem. in Supp. of Motion at 3.] Mr. Zal states the Highway Patrol provided him with a post office box address for Peterson, and the Highway Patrol subsequently informed him that this was Peterson's last known address. [Decl. of Cyrus Zal in Opp. to Motion to Dismiss Def. Sgt. Peterson for Failure to Serve ("Zal Decl."), filed 2/20/19 (dkt. no. 80), at ¶¶ 7-8.] Plaintiffs argue the Highway Patrol was required "to provide to Plaintiffs a suitable address where Defendant Sgt. Peterson could be served

with the First Amended Complaint." [Mem. in Opp. at 2.] However, this Court did not order the Highway Patrol to provide the specific address at which Peterson could be served. This Court ordered the Highway Patrol to provide Peterson's address, and this Court stated that Plaintiffs could use the address to effect service. See Minutes, filed 6/14/17 (dkt. no. 36).

Defendants represent that Peterson's post office box address that was provided to Plaintiffs' counsel is Peterson's last known address. [Reply at 2.] Assuming that is an accurate representation, the Highway Patrol complied with this Court's order at the June 14, 2017 discovery conference, and Plaintiffs were required to use the post office box address to conduct additional research to determine where Peterson could be served. The Highway Patrol is ORDERED to file an affidavit or declaration, by someone with personal knowledge of the relevant Highway Patrol records, certifying that the address provided to Plaintiffs' counsel on June 20, 2017 was Peterson's last known address at that time. Subject to the foregoing, this Court rejects Plaintiffs' argument that the Highway Patrol's failure to comply with this Court's June 14, 2017 excuses their failure to serve Peterson.

Plaintiffs also argue the unique circumstances created by the issues related to their representation status constitute good cause. Although Mr. Zal's motion to withdraw as

Plaintiffs' counsel was not granted until October 17, 2017, he states there was "a complete and irreparable breakdown in the attorney-client relationship between Plaintiffs and [him] beginning around the middle of June of 2017[,]" which "resulted in my being unable to provide any further legal services to Plaintiffs in this case[,]" with the exception of communicating with the Highway Patrol's counsel regarding limited issues and completing some of Plaintiffs' discovery obligations. [Zal Decl. at ¶ 4.] In fact, on August 14, 2017, Plaintiffs provided Mr. Zal with written notice that they were terminating his services. [Id.] Mr. Zal asserts that, during the time that Plaintiffs were representing themselves pro se, they were unable to address the service issue because of their "complete lack of sophistication and lack of knowledge in legal matters and procedures[.]" [Id. at ¶ 10.] However, Plaintiffs' pro se status at that time did not excuse them from complying with the applicable court rules regarding service. See, e.g., Cortinas v. Huerta, 1:17-cv-00130-AWI-GSA-PC, 2021 WL 1294999, at *2 (E.D. Cal. Apr. 7, 2021) ("Plaintiff is not relieved of his obligation to comply with court's rules and procedures simply because he is proceeding pro se." (citing King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); Ghazali v. Moran, 46 F.3d 52, 54

8

(9th Cir. 1995); Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir. 1986))).[2]

Although Mr. Zal became Plaintiffs' counsel of record again on June 11, 2018, because he was "distracted by . . . health issues[,]" he forgot that Peterson had never been served in this case. [Zal Decl. at ¶ 11.] While it was understandably difficult for Mr. Zal to maintain his law practice while he dealt with his health issues, by the time Mr. Zal became counsel of record again, more than a year had already passed since the Highway Patrol provided Plaintiffs with Peterson's last known address. Further, Plaintiffs did not ask this Court for additional time to serve Peterson until they filed their memorandum in opposition to Defendants' Motion on February 20, 2019, more than eight months after Mr. Zal resumed his representation of Plaintiffs. Under the circumstances of this case, this Court cannot find that Plaintiffs' failure to serve Peterson was the result of excusable neglect. See Boudette, 923 F.2d at 756.

Further, the other factors in the good cause analysis weigh against a finding of good cause in this case. See Rodriguez, 2021 WL 1214569, at *3 (quoting Boudette v. Barnette,

---

[2] King has been overruled in part on other grounds. Lacey v. Maricopa Cnty., 693 F.3d 896, 925-28 (9th Cir. 2012) (per curiam).

923 F.2d 754, 756 (9th Cir. 1991)).  First, there is no indication in the record that Peterson has received actual notice of this action.  Second, Peterson would be prejudiced if Plaintiffs were allowed additional time for service because, by the time Defendants filed the instant Motion on January 29, 2019, the action had been pending for three years, the discovery deadline had passed, and the motions deadline was imminent.  <u>See</u> Minutes, filed 9/7/18 (dkt. no. 69) (stating the discovery deadline was extended to 11/30/18 and the motions deadline was extended to 2/28/19).  Third, this Court finds that Plaintiffs would not be severely prejudiced if their claims against Peterson were dismissed because the analysis of their claims against Peterson is likely to be the same as the analysis of their claims against McKenzie.  <u>See generally</u> Order Granting Defendants' Motion for Summary Judgment, filed 4/22/21 (dkt. no. 93).  Plaintiffs have therefore failed to establish good cause for their failure to complete service upon Peterson.

This Court has the discretion to allow Plaintiffs additional time to serve Peterson, even in the absence of good cause.  <u>See</u> <u>Rodriguez</u>, 2021 WL 1214569, at *3 (quoting <u>Sheehan</u>, 253 F.3d at 512).  However, the circumstances of this case discussed above also weigh against the exercise of that discretion.  Plaintiffs' request for additional time to serve Peterson with the Amended Complaint is therefore denied.

Defendants' Motion is granted and Plaintiffs' claims against Peterson are dismissed, without prejudice, for failure to serve.  This ruling is **subject to** the Highway Patrol's compliance with this Court's order to file the affidavit or declaration described herein.  The affidavit or declaration must be filed by **May 7, 2021.**  If the Highway Patrol fails to file an affidavit or declaration, or if its filing indicates that another address for Peterson was available when the post office box address for Peterson provided to Plaintiffs, this Order will be withdrawn.

## CONCLUSION

On the basis of the foregoing, Defendants' Motion to Dismiss Defendant Peterson for Failure to Serve, filed January 29, 2019, is HEREBY GRANTED, subject to the Highway Patrol's filing of the supporting documentation described in this Order.  If the Highway Patrol's submission complies with this Order, this Court will issue an order directing the Clerk's Office to terminate Peterson as a party and to close this case.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 22, 2021.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**GUILLERMO BONILLA, ET AL. VS. CALIFORNIA HIGHWAY PATROL, ET AL; 2:16-CV-01742 LEK; ORDER GRANTING DEFENDANTS' MOTION TO DISMISS DEFENDANT PETERSON FOR FAILURE TO SERVE**